UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 18-50250

LARONDA FREEMAN,                                    Chapter 13

                Debtor.           Judge Thomas J. Tucker
_____/

**OPINION REGARDING FEE APPLICATION OF THE DEBTOR'S ATTORNEYS**

**I. Introduction**

This case is before the Court on the fee application of the Debtor's attorneys, Acclaim Legal Services, PLLC, filed September 12, 2019 (Docket # 81, the "Application"). The Application seeks allowance of fees totaling $7,949.00 and reimbursement of expenses in the amount of $35.25.

The Application presents a question about the meaning of Bankruptcy Code § 330(a)(4)(B). That section authorizes the Court, "in a Chapter 13 case," to "allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case. . . ."

This bankruptcy case began as a Chapter 7 case, but six months later the case was converted to Chapter 13. Seven months after that, the Court confirmed a Chapter 13 plan. The Debtor's attorneys, who have represented the Debtor for the entire duration of the case, now seek allowance of fees, on an hourly-rate basis, for their work on both the Chapter 7 and the Chapter 13 phases of this case. And they seek to have all such fees treated as an administrative expense under the Debtor's confirmed Chapter 13 plan, to be paid in full by the Chapter 13 Trustee.

The question presented is whether and to what extent § 330(a)(4)(B) permits the Court to

allow fees for work done by the Debtor's attorneys while this case was in Chapter 7, before it was converted to Chapter 13.

**II. Background**

**A. The Chapter 7 phase of this case**

On July 24, 2018, the Debtor filed a voluntary Chapter 7 petition, commencing this case. On that day the Debtor also filed a compensation statement under Fed. R. Bankr. P. 2016(b), in which the Debtor and her attorneys disclosed that before the case was filed, the Debtor had paid attorney fees in the form of a "flat fee" of $895.00 to Debtor's attorneys, plus the $335.00 filing fee.[1] The flat fee was "[f]or legal services rendered in contemplation of and in connection with this case, exclusive of the filing fee paid," not including "[r]epresentation of the debtor[] in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding."[2]

On September 12, 2018, the United States Trustee filed a motion to dismiss this case (the "UST Motion"), based on 11 U.S.C. §§ 707(b)(2) and 707(b)(3), contending that this case was an "abuse" of the provisions of Chapter 7, within the meaning of 11 U.S.C. § 707(b)(1).[3] On September 25, 2018, the Debtor filed a response, objecting to the UST Motion.[4] Substantial litigation of the UST Motion followed, during which the Debtor vigorously contested the United

---

[1] "Statement of Attorney for Debtor(s) Pursuant to F.R.Bankr.P. 2016(b)" (Docket # 1 at pdf page 8, the "Chapter 7 Rule 2016(b) Statement"); *see also* Statement of Financial Affairs, item 16 (Docket # 1 at pdf page 40).

[2] Chapter 7 Rule 2016(b) Statement.

[3] Docket # 15.

[4] Docket # 17.

2

States Trustee's effort to obtain a dismissal of this case or to force a conversion of this case to Chapter 13.[5] In an effort to avoid dismissal or conversion, and keep this case in Chapter 7, the Debtor filed four sets of amended Schedules I and J,[6] and the Debtor filed nine amended means test forms (Forms 122A-1, 122A-2),[7] and a detailed brief.[8] The United States Trustee filed an opening brief and two supplemental briefs.[9]

The Court held two lengthy hearings on the UST Motion, on October 10, 2018 and on December 12, 2018. During both hearings, the Debtor's attorney argued against the UST Motion. At the conclusion of oral argument during the December 12, 2018 hearing, the Court gave an oral opinion, conditionally granting the UST Motion. The Court entered an order the same day, which gave the Debtor 14 days to file a motion to convert this case to Chapter 13, and stated that if the Debtor did not file such a motion, the Court would dismiss the case.[10]

**B. The conversion of this case to Chapter 13**

On December 26, 2018, the Debtor filed a motion to convert this case to Chapter 13.[11] After no timely objections to that motion were filed, it was granted, and the case was converted

---

[5] Under 11 U.S.C. § 707(b)(1), if the Court finds that a Chapter 7 case is an "abuse of the provisions of" Chapter 7, the Court may dismiss the case, or, "with the debtor's consent," convert the case to Chapter 11 or Chapter 13.

[6] Docket ## 18, 26, 32 (later withdrawn), 35.

[7] Docket ## 21, 22, 27, 28 (later stricken by the Court), 33 (later withdrawn), 34, 36, 41, 42.

[8] Docket # 45.

[9] Docket ## 15, 40, 44.

[10] "Order Conditionally Granting the United States Trustee's Motion to Dismiss, and Allowing the Debtor to File a Motion to Convert to Chapter 13" (Docket # 46).

[11] Docket # 48.

3

to Chapter 13 on January 29, 2019.[12]

On February 12, 2019, the Debtor filed another compensation statement under Fed. R. Bankr. P. 2016(b), in which the Debtor and her attorneys disclosed that the Debtor had agreed to pay attorney fees in the form of a "flat fee" of $3,500.00 to Debtor's attorneys for the Chapter 13 portion of this case.[13] But the compensation statement provided that the attorney fee could exceed the $3,500.00 flat fee, based on hourly rate billing, if the Debtor's attorney filed a fee application and the Court ordered a higher fee amount.[14]

The Debtor eventually was able to confirm a 60-month Chapter 13 plan, with the entry of a confirmation order (the "Order Confirming Plan") on August 28, 2019.[15] The Order Confirming Plan provided that the Debtor's attorneys would file a fee application, and stated that fees allowed under that application "shall be paid by the [Chapter 13] Trustee as an administrative expense of this case."[16] That is consistent with the confirmed plan itself, which provided that the allowed pre-confirmation fees of the Debtor's attorneys would be paid as an administrative expense claim, as part of Class Two administrative claims.[17]

C. **The fee application filed by Debtor's attorneys**

---

[12] "Order Granting Debtor's Motion to Convert this Case to Chapter 13" (Docket # 54).

[13] "Statement of Attorney for Debtor(s) Pursuant to F.R.Bankr.P. 2016(b)" (Docket # 63) at ¶ 2.A.

[14] *Id.* at ¶ 2.B.

[15] Docket # 78, confirming, with stated modifications, the Debtor's Chapter 13 Plan filed on February 12, 2019 (Docket # 58).

[16] Order Confirming Plan (Docket # 78).

[17] Chapter 13 Plan (Docket # 58) at 3, section III.B.1; *see also id.* at 11-12, section V.F.

The Debtor's attorneys filed their fee application on September 12, 2019.[18] No timely objections to the Application were filed, and the Debtor's attorneys filed a certificate of no response on October 8, 2019.[19]

As discussed in more detail in Part IV.B of this Opinion, the Application seeks allowance of fees, on an hourly-rate basis, for the substantial pre-conversion work done by Debtor's attorneys during the Chapter 7 phase of this case, as well as for their post-conversion work in the Chapter 13 phase of the case.

In an Order entered on October 9, 2019 (Docket # 83, the "October 9 Order"), the Court required Debtor's attorneys to file a supplement to the Application, to address the issue of whether and to what extent the Court can allow fees and expenses incurred while this case was in Chapter 7.

In the October 9 Order, the Court stated, in part:

> It appears that the fees and expenses in the Application include fees and expenses incurred while this case was in Chapter 7, before it was converted to Chapter 13 (the time period of July 24, 2018 to January 29, 2019). The Court questions whether fees for work done in the initial, Chapter 7 phase of this case can be allowed, given the United States Supreme Court's decision in *Lamie v. United States Trustee,* 540 U.S. 526 (2004). Several cases have held that a debtor's counsel cannot be paid for fees incurred before a Chapter 7 case converted to Chapter 13. *See In re Carey*, 2006 WL 288226 (Bankr. D.N.H., Feb. 1, 2006); *In re McDonald*, 2011 WL 12885454 (Bankr. S.D.Ga., March 8, 2011); *In re Holbrook*, 2008 WL 2437735 (Bankr. E.D.Tenn., June 13, 2008). But at least one court has reached the opposite conclusion. *See In re Genatossio*, 538 B.R. 615 (Bank. D.Mass. 2015). The issue appears to turn, at least in part, on the meaning of 11 U.S.C.

---

[18] Docket # 81.

[19] Docket # 82.

§ 330(a)(4)(B) in this context.

The Court will give Debtor's counsel an opportunity to address this issue, before ruling on the Application.[20]

On October 23, 2019, Debtor's attorneys timely filed a supplement to their Application, responding to the October 9 Order.[21] The Court has reviewed that supplement, and the cases cited in it.

### III. Jurisdiction

This Court has subject matter jurisdiction over this bankruptcy case and this matter under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B), and 157(b)(2)(O).

This matter also is "core" because it falls within the definition of a proceeding "arising under title 11" and of a proceeding "arising in" a case under title 11, within the meaning of 28 U.S.C. § 1334(b). Matters falling within either of these categories in § 1334(b) are deemed to be core proceedings. *See Allard v. Coenen* (*In re Trans–Industries, Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009) (citations omitted). This is a proceeding "arising under title 11" because it is "created or determined by a statutory provision of title 11," *see id.*, namely Bankruptcy Code § 330. And this is a proceeding "arising in" a case under title 11, because it is a proceeding that "by [its] very nature, could arise only in bankruptcy cases." *See id.* at 27.

### IV. Discussion

The Court now concludes that it has authority, under 11 U.S.C. § 330(a)(4)(B), to allow

---

[20] October 9 Order (Docket # 83).

[21] Docket # 84.

6

some, but not all, of the fees and expenses requested in the Application.

## A. The meaning of § 330(a)(4)(B) in the context of a case converted from Chapter 7 to Chapter 13

Initially, it is clear that the Court cannot allow any attorney fees or expenses for the Debtor's attorneys, *based on 11 U.S.C. § 330(a)(1)*,[22] for work done by Debtor's attorneys before this case converted from Chapter 7 to Chapter 13. And, for that matter, the same is true for work done after the case converted to Chapter 13. This is because the Debtor's attorneys were never "employed under section 327 or 1103" within the meaning of § 330(a)(1). As the United States Supreme Court held in *Lamie v. United States Trustee,* 540 U.S. 526 (2004),

> § 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327. If the attorney is to be paid from estate funds under § 330(a)(1) in a Chapter 7 case, he must be employed by the trustee and approved by the court.

560 U.S. at 538-39.

Debtor's attorneys do not seek any fees based on § 330(a)(1). Rather, they argue that now that the case is in Chapter 13, the Court has authority to allow all of the fees and expenses

---

[22] Section 330(a)(1) provides:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, **the court may award to** a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or **a professional person employed under section 327 or 1103**—
>
> (A) **reasonable compensation** for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1) (emphasis added).

7

Debtor's attorneys seek fees based on 11 U.S.C. § 330(a)(4)(B), including even fees incurred before the case was converted from Chapter 7 to Chapter 13.

Section 330(a)(4)(B) provides:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

Debtor's attorneys have cited no cases that directly address their argument. But after the Supreme Court's decision in *Lamie*, a few reported cases have addressed the fees of debtor's counsel in a case that began as a Chapter 7 case but was later converted to Chapter 13. At least three cases have held that a debtor's counsel who was not employed by the Chapter 7 trustee (*i.e.*, employed under § 327) cannot be allowed fees for work done before a Chapter 7 case converted to Chapter 13. *See In re Carey*, 2006 WL 288226 (Bankr. D.N.H., Feb. 1, 2006); *In re McDonald*, 2011 WL 12885454 (Bankr. S.D.Ga., March 8, 2011); *In re Holbrook*, 2008 WL 2437735 (Bankr. E.D.Tenn., June 13, 2008). But two of these cases, *Carey* and *McDonald*, discussed only § 330(a)(1). They did not discuss the possible application of § 330(a)(4)(B) to the fees for pre-conversion work. The third case, *Holbrook*, appeared to assume, without discussion, that § 330(a)(4)(B) applies only to fees for work done by the debtor's attorney after the conversion to Chapter 13.

One case decided after *Lamie* has taken a different view, broadly interpreting § 330(a)(4)(B) to mean that a Chapter 13 debtor's attorney in a converted case can be allowed

8

fees even for work done in the initial, Chapter 7 phase of the case:

> § 330(a)(4)(B) permits counsel for a chapter 13 debtor to seek an award of fees and expenses "for representing the interests of the debtor in connection with the bankruptcy case" even when a portion of the fees and expenses were incurred when the case was previously pending in chapter 7.

*In re Genatossio*, 538 B.R. 615, 617 (Bankr. D.Mass. 2015) (citing the pre-*Lamie* case of *In re Bottone*, 226 B.R. 290, 297 (Bankr. D.Mass. 1998)).

In interpreting the language of § 330(a)(4)(B) in the present context, the Court must focus on the statute's language in bold below:

> **In a** chapter 12 or **chapter 13 case** in which the debtor is an individual, **the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case** based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B) (emphasis added). In a converted case, does the phrase "in connection with the bankruptcy case" refer to the entire bankruptcy case — *i.e.*, the Chapter 7 and Chapter 13 phases of the case — or does it refer only to the Chapter 13 phase of the case?

The Court concludes that the better and more reasonable interpretation is that the phrase "in connection with the bankruptcy case" in § 330(a)(4)(B) refers, in the context of a converted case, to the Chapter 13 phase of the case only. The phrase "the bankruptcy case" here clearly refers to "a chapter 13 case," the phrase that is used in the beginning of the same sentence in the statute.[23] So the phrase "in connection with the bankruptcy case" means "in connection with" the

---

[23] *See generally Freeman v. Quicken Loans, Inc.*, 566 U.S. 624, 634-35 (2012) (supporting a statutory interpretation with the "commonsense canon of *noscitur a sociis*—which counsels that a word is given more precise content by the neighboring words with which it is associated.") (citation omitted); *McDonnell v. United States*, ___ U.S. ___, 136 S.Ct. 2355, 2368 (2016)("To choose between . . .

9

18-50250-tjt    Doc 85    Filed 11/04/19    Entered 11/04/19 17:05:50    Page 9 of 13

"chapter 13 case," which, in the context of a converted case, means the post-conversion, Chapter 13 phase of the case only.

Given this meaning of § 330(a)(4)(B), the Court concludes that the Debtor's attorneys in this case may be allowed fees only for the work they did "in connection with" the Chapter 13 phase of this case. They may not be awarded fees for any of the work they did in connection with the Chapter 7 phase of this case.

This interpretation of § 330(a)(4)(B) makes sense. It would not make sense, on the one hand, to refuse to allow fees for work done by a debtor's counsel in a Chapter 7 case that did not convert to Chapter 13, as *Lamie* dictates; while, on the other hand, allowing such fees for work done in a Chapter 7 case that did later convert to Chapter 13. In such cases, the debtor's counsel would have done the same Chapter 7-related work, but refused fees for that work in one case and allowed fees for that work in the other case. Nothing in § 330 or elsewhere in the Bankruptcy Code supports such disparate results.

**B. Applying § 330(a)(4)(B) to the fee Application in this case**

In this case, a substantial part of the $7,949.00 requested in the fee Application is for work done by the Debtor's attorneys during the pre-conversion, Chapter 7 phase of this case, which was work done strictly for the purpose of prosecuting and maintaining the case *as a Chapter 7 case*. (The Court will refer to this work as the "Chapter 7 work"). This is apparent from both the Application itself and the fee itemization attached to the Application.

In the Application, Debtor's attorneys stated that "[a] substantial portion of the fee

---

competing definitions, we look to the context in which the [statutory] words appear. Under the familiar interpretive canon *noscitur a sociis*, 'a word is known by the company it keeps.'") (citation omitted).

requested is related to services rendered on behalf of and for the benefit of the Debtor in opposing the [United States] Trustee's motion to dismiss her Chapter 7 case."[24]

It is clear, from the fee itemization attached to the Application, that the Chapter 7 work includes all of the work reflected in the attorney and paralegal time entries from the beginning of the case through the time entry for December 12, 2018. The first time entry for which a fee is sought is dated September 14, 2018, when Debtor's attorney recorded time for "[r]eceipt and review of U.S. Trustee Motion to Dismiss." The work shown in that time entry, and the work shown in every time entry after September 14, 2018 and through December 12, 2018, is Chapter 7 work. That last date was the date of the second hearing on the UST Motion, which sought to force either the dismissal of the Chapter 7 case or a conversion of the case to Chapter 13. Through that date, and during the December 12, 2018 hearing itself, Debtor's attorneys actively opposed the UST Motion. The Debtor's attorneys did only Chapter 7 work until after the Court granted the UST Motion on December 12, 2018. None of the work done before and on December 12, 2018 was in any way for or related to the Chapter 13 phase of this case.

It is only beginning with the first time entry *after* December 12, 2018, which was December 21, 2018, that the work of Debtor's attorneys can be viewed as work related to, and in furtherance of, the Chapter 13 phase of this case. On December 21, 2018, Debtor's attorneys reacted to the Court's granting of the UST Motion by drafting a motion to convert this case to Chapter 13. That motion ultimately was filed on December 26, 2018.[25] From December 21, 2018 forward, the time entries show that all of the work done by Debtor's attorneys was for the

---

[24] Application (Docket # 81) at 1, ¶ 3.

[25] Docket # 48.

Chapter 13 phase of the case (the "Chapter 13 work").

Debtor's attorneys are correct in arguing that it is possible for work to be deemed Chapter 13 work even if it was done before the actual entry of the order converting this case to Chapter 13 on January 29, 2019. But Debtor's attorneys are incorrect, if and to the extent they argue that any of the work reflected in any time entries before the December 21, 2018 time entry is "not related to the administration of the Chapter 7 case specifically."[26] To the contrary, the Court finds that *all* of the work reflected in *all* of the time entries, through the December 12, 2018 time entry, was specifically in furtherance of the Debtor's strenuous efforts to keep this case in Chapter 7, and to *avoid* having to convert the case to Chapter 13.

The fee itemization shows that the Chapter 7 work in this case — *i.e.*, all of the work described in the time entries dated September 14, 2018 through December 12, 2018 — accounts for $3,753.50 of the total fees of $7,949.00. To the extent of this $3,753.50 amount, the fee Application must be denied, because such fees are not allowable under Bankruptcy Code § 330(a)(4)(B). Nor are they allowable under § 330(a)(1), as discussed in Part IV.A of this Opinion. Nor are they allowable under any other section of the Bankruptcy Code.

This leaves $4,195.50 in fees, reflecting the fees for the Chapter 13 work done by Debtor's attorneys. To the extent of this amount, the fee Application will be granted. Such fees are allowable under § 330(a)(4)(B), and the Court finds such fees to be reasonable.

The $35.25 in expenses included in the fee Application are for photocopying and postage charges incurred on February 12, 2019, well after this case had converted to Chapter 13, and reimbursement of these expenses will be allowed. These expenses obviously are for the copying

---

[26] *See* Supplement (Docket # 84-1) at pdf page 4.

and mailing of the Debtor's proposed Chapter 13 plan that was filed and served all the creditors on February 12, 2019.[27]

### C. Review, under 11 U.S.C. § 329(b), of the $895.00 flat fee that Debtor's attorneys received before filing the Chapter 7 case

Finally, the Court sees no reason to order Debtor's attorneys to refund to the Debtor, as excessive under 11 U.S.C. § 329(b),[28] any of the $895.00 flat fee that the Debtor paid to Debtor's attorneys before this case was filed, for the Chapter 7 work.[29] The Court will leave that fee payment undisturbed.

### V. Conclusion

For the reasons stated in this Opinion, the Court will enter an order granting the fee Application in part, and allowing fees in the reduced amount of $4,195.50 and reimbursement of expenses in the requested amount of $35.25. The order will disallow the fees requested by Debtor's attorneys, to the extent they exceed $4,195.50.

**Signed on November 4, 2019**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**

---

[27] *See* Docket ## 58, 62.

[28] If the Court finds that a fee paid to a Debtor's attorney "exceed[s] the reasonable value of" the attorney's services, § 329(b) permits the Court to order the attorney to return such payment, "to the extent excessive."

[29] All of the Chapter 7 work done by Debtor's attorneys appears to have been covered by the scope of the attorneys' retention, as defined in the Chapter 7 Rule 2016(b) Statement, and not excluded by any of the exceptions to the scope of retention stated in the Chapter 7 Rule 2016(b) Statement. *See* discussion in Part II.A of this Opinion.

13